# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Student DOE #2,<br><br>    Plaintiff,<br><br>v.<br><br>Donald J Trump, et al.,<br><br>    Defendants. | No. CV-25-00175-TUC-AMM<br><br>**ORDER** |

On April 29, 2025, the Court held a hearing on the operative Temporary Restraining Order ("TRO") in this matter ordered effective April 15, 2025. (Docs. 7, 15.) At the hearing, the Court extended the TRO for good cause until May 13, 2025. The Court extended the TRO, in part, to allow Defendants the opportunity to obtain Plaintiff's identifying information, subject to a protective order, and to allow the parties additional time to brief and address what impact, if any, two new factual developments had on the case, as discussed below.

Specifically, at the hearing, Plaintiff's counsel advised that at approximately 8:26 a.m. on April 28, 2025, Plaintiff received a screenshot indicating that his previously terminated Student and Exchange Visitor Information System ("SEVIS") account now appears as "active."[1] Plaintiff did not receive additional information, and it is unclear what impact the re-activated SEVIS account will have on Plaintiff's nonimmigrant

---

[1] In its related briefing, the government acknowledges that U.S. Immigration and Customs Enforcement ("ICE") records for certain students have been restored to active. (Doc. 13 at 2.) In so stating, the government further argues that the return to active status may moot Plaintiff's requested relief. (*Id.*)

student status.

In addition, in related briefing, the government submitted to the Court ICE's "recently issued . . . **policy** regarding the termination of SEVIS records . . . ." (Doc. 13 at 2 (emphasis added).) The policy submitted by the government is entitled "Broadcast Message: SEVIS Notice – Policy Regarding Termination of Records," and is dated April 26, 2025. (Doc. 13-1.) It is addressed to "All SEVP Personnel" and includes a notice that it is "FOR INTERNAL SEVP USE ONLY."[2] (*Id.*) It is unclear who authored and/or approved the policy or notice. (*Id.*) The policy or notice outlines the government's position that Congress has provided it with "broad statutory authority under 8 U.S.C. § 1372" regarding SEVIS and that "inherent" in the authority is SEVP's ability to update, maintain, and, significantly, terminate SEVIS records "as needed."[3] (*Id.*) The notice or policy thereafter lists a series of bases upon which SEVP can terminate SEVIS records, including but not limited to, upon the revocation of a visa by the U.S. Department of State, effective immediately. (*Id.*) Significantly, this policy position appears contrary to arguments made by the government in which it has asserted that an F-1 student maintains his or her F-1 status regardless of whether the F-1 visa is active. (*See, e.g.*, Doc. 9 at 7 ("While a nonimmigrant must maintain his course of study to maintain his F-1 status, he is not required to maintain the visa he obtained to enter the United States.").)

In briefing, the government now indicates an intent to "present" this recent policy or notice in this case. (Doc. 13 at 2.) The legal authority for and the impact of the policy or notice is unclear to the Court, and its legal significance is particularly hazy considering the policy or notice itself contains a disclaimer asserting that it is "not a substitute for applicable legal requirements" and that it is not "itself a rule or final action by SEVP." (Doc. 13-1 at 2.)

---

[2] SEVP is the Student and Exchange Visitor Program.
[3] Notably, § 1372 by both title and content authorizes, in relevant part, the U.S. Attorney General, in consultation with the Secretary of State and the Secretary of Education, to develop and conduct a program to collect from approved institutions of higher education information for aliens who "have the status, or are applying for the status, of nonimmigrants under subparagraph (F), (J), or (M) of section 1101(a)(15) of this title . . . ." 8 U.S.C. § 1372(a)(1)(A).

Accordingly,

**IT IS ORDERED:**

(1) No later than **5 p.m. on May 5, 2025**, the government shall file supplemental briefing to Plaintiff's Motion for Preliminary Injunction (Doc. 2) addressing the impact, if any, on Plaintiff's Motion for Preliminary Injunction and Complaint of:

    a. Plaintiff's specific circumstances, now that the government knows his identity;

    b. Plaintiff's alleged re-activated SEVIS account; and

    c. ICE's "recently issued policy" filed by Defendants at Doc. 13-1. Specifically, the briefing shall address:

        i. the government's position as to the legal authority for and the legal impact of the policy, including but not limited to, the legal basis upon which a policy may amend federal regulation to allow the termination of an F-1 nonimmigrant student's SEVIS record based upon the revocation of the student's F-1 visa;

        ii. whether, under the new policy, the termination of a SEVIS record will have the effect of terminating an F-1 nonimmigrant student's ability to remain lawfully in the United States;

        iii. whether, under the new policy, an F-1 nonimmigrant student will have the opportunity to be heard before his or her SEVIS record is terminated; and

        iv. whether it is arbitrary and capricious to terminate the SEVIS record based on the cancellation of an F-1 visa if the cancellation of that visa has no effect on an F-1 nonimmigrant student's ability to remain in the United States and continue his or her studies.

(2) Plaintiff shall file a supplemental reply to their Motion for Preliminary Injunction by **May 8, 2025**.

///

(3) The parties shall meet and confer no later than **May 7, 2025** to discuss and prepare a joint pre-hearing statement to be filed no later than **May 9, 2025.** In the joint pre-hearing statement, the parties must set forth a summary of the issues relevant to the motion and the parties' positions; a statement of the Court's jurisdiction; a list of each party's proposed witnesses and the likelihood of their appearance; a list of each party's exhibits; and the estimated length of the hearing. Additionally, by no later than **May 12, 2025**, counsel must provide a Notice to Court Reporter to facilitate the creation of an accurate record. The Notice shall contain the following information that may be used during the proceeding:

    a. Proper names, including those of witnesses.

    b. Acronyms.

    c. Geographic locations.

    d. Technical/medical terms, names, or jargon.

    e. Table of authorities, in alphabetical order, which includes all the authorities on which the parties will rely at the proceeding.

(4) A hearing on the Motion for Preliminary Injunction is set for **Tuesday, May 13, 2025 at 10:00 a.m.**

Dated this 1st day of May, 2025.

_____
Honorable Angela M. Martinez
United States District Judge